Honorable Thomas L. Blanton, Jr., page 4.

"Section 4. It is expressly provided that all current contracts for the maintenance of the schools in the territory herein described are hereby validated for the said Eolian Common School District No. 4 in all respects.

"Section 5. It is expressly provided that if any territory herein described which was not previously within the limits of Eolian Common School District No. 4 formerly constituted a part of any school district which has an outstanding bonded indebtedness on account of which such land could be lawfully taxed, then said Eolian Common School District No. 4 shall be liable for such proportion of said bonded indebtedness as the assessed value of such land so included in this District bears to the entire assessed value of the district from which said land was taken.

"Section 6. All laws and parts of laws in conflict with this Act are hereby repealed to the extent of such conflict only.

"     .    .    .    "

In opinion No. 0-675 this department held

"     .    .    .    . when Article 3, Section 56, and Article 7, Section 3 of the Texas Constitution are construed together, the Legislature is without authority to change the boundaries of a common school district by special or local law."

We are enclosing a copy of this opinion for your information.

Article 3, Section 56 of the Texas Constitution provides in part as follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing: . . . Regulating the affairs of . .. school districts; . . . Creating offices, or prescribing the powers and duties of officers, in . . . school districts; . . . Regulating the management of public schools, the building or repairing of school houses, and the raising of money for such purposes; . . . And in all other cases where a general law can be made applicable, no local or special law shall be enacted; . . . . "

Honorable Thomas L. Blanton, Jr., page 5.

Prior to 1927, Section 3, Article 7 of the State Constitution contained the following language:

"And the Legislature may also provide for the formation of school districts by general or special law without the local notice required in other cases of special legislation."

This section of the Constitution was readopted effective January 20, 1927, and the above provision was changed to read as follows:

"And the Legislature may also provide for the formation of school districts by general laws."

After this constitutional provision was changed the Forty-Third Legislature in 1933 passed a special act, providing for the formation of a county-wide common school district in Kinney county on a majority vote of the qualified voters of said county, abolishing existing school districts and providing for the operation of said district. In Fritter vs. West, 65 S. W. (2) 414, this special act was held unconstitutional, the court stating:

" . . . . It is clear that, by eliminating from the Constitution the provision that school districts could be formed by special laws, it was intended that such districts be created only by general laws.

"Furthermore, the Constitution now provides a specific manner in which school districts may be formed, that is, by general law. This would exclude the formation of school districts in any other manner than that expressly provided for in the Constitution.

" . . . .

"S. B. No. 542, being a special law and repugnant to section 3, art. 7, and section 56 of article 3, of our State Constitution, is unconstitutional and void."

In Brownfield vs. Tongate, 109 S. W. (2) 352, the Forty-Fourth Legislature had passed a bill validating the action of the county board of school trustees of Terry County in detaching thirteen sections from the Red Onion

378

Common School District and attaching it to the Union Independent School District in Terry County under and by virtue of Article 2742f or Article 2742m. In holding such act to be unconstitutional the court stated:

"Since under its provisions this act applied to Dimmitt and Terry Counties only and could never have affected any others, we conclude S. B. No. 19 was a local law. The Legislature is permitted to provide for the formation of school districts by general laws only, Constitution Article 7, Section 3, and not by special laws only, hence we are of the opinion that the Legislature was without authority to validate the order of the School Board of Terry County by such special act. Pritter, County Judge, et al, vs. West, 65 S. W. (2) 414."

Also see the case of Wood et al vs. Marfa Independent School District, 123 S. W. (2) 429; reversed on other grounds 141 S. W. (2) 590.

In view of the foregoing authorities you are respectfully advised that it is the opinion of this department that House Bill No. 948, supra, is unconstitutional and therefore void.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:HBT

